UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADMIRAL INSURANCE COMPANY,    )
ET AL.,                        )
                               )
            Plaintiffs,        )        CIVIL ACTION NO.
                               )
VS.                            )        3:03-CV-1634-G
                               )
HEATH HOLDINGS USA, INC.,      )
ET AL.,                        )
                               )
            Defendants.        )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Heath Holdings USA, Inc.,

Heath Insurance Brokers of Texas, LP, f/k/a, Heath Insurance Brokers, Inc., a Texas

Corporation (collectively, "Heath"), to dismiss this case, pursuant to FED. R. CIV. P.

12(b)(1), for lack of subject matter jurisdiction.  Heath's Motion to Dismiss for Lack

of Subject Matter Jurisdiction and Brief in Support ("Heath's Motion").  Also before

the court is the motion of defendants, Clair Odell Insurance Agency, LLC ("Clair

Odell") and Mellon Insurance Agency, Inc. ("Mellon"), to dismiss this case, pursuant

to FED. R. CIV. P. 12(h)(3), for lack of subject matter jurisdiction.  Clair Odell's and

Mellon's Brief in Support of Motion to Dismiss for Lack of Subject Matter

Jurisdiction ("Clair Odell's and Mellon's Motion").  The plaintiffs, Admiral Insurance

Company ("Admiral"), Associated International Insurance Company ("Associated"),

Caliber One Indemnity Company ("Caliber One"), and United National Specialty

Insurance Company ("United National") (collectively, "the plaintiffs" or "the

insurance companies"), filed responses opposing these motions to dismiss.  For the

reasons stated below, the defendants' motions are granted, and this case is dismissed

without prejudice to refiling in a court with jurisdiction over the parties and subject

matter.

## I.  BACKGROUND

This litigation began in the bankruptcy court.  *See* Report to District Court on

Motion to Withdraw Reference, filed September 4, 2003 ("Report to District

Court").  Senior Living Properties, LLC ("SLP"), the debtor in the underlying

bankruptcy case, brought an adversary proceeding against the insurance companies

alleging breach of contract and seeking a declaratory judgment establishing insurance

coverage and indemnity obligations on the part of the insurance companies ("SLP

claims").  *See* Plaintiff's First Amended Original Complaint, filed in adversary

proceeding no. 03-3263 on May 15, 2003 ("SLP Complaint").  The insurance

companies subsequently filed third-party claims against Heath, Clair Odell, Mellon,

and Northland Risk Management Services, Inc. ("Northland") (collectively, "the defendants"), asserting that the defendants were liable for all or part of the SLP claims. *See* Caliber One's Amended Answer to SLP Complaint, First Amended Counterclaim, Original Cross-Claim and Original Third Party Action, filed in adversary proceeding no. 03-3263 on May 23, 2003; United National's First Amended Answer to SLP Complaint, First Amended Original Counter-Claim and Original Third-Party Action, filed in adversary proceeding no. 03-3263 on May 23, 2003; Admiral's Amended Answer to SLP Complaint, First Amended Original Counterclaim, Cross-Claim and Original Third-Party Action, filed in adversary proceeding no. 03-3263 on May 23, 2003; and Associated's Original Third-Party Claim, filed in adversary proceeding no. 03-3263 on May 23, 2003 (collectively, "Third Party Complaints"). Northland, Clair Odell, and Mellon moved for severance of the third party litigation. By bench ruling on August 28, 2003, the bankruptcy court granted the motions to sever the third party litigation from the SLP adversary proceeding.[1] *See* Report to District Court ¶ 7. On September 12, 2003, on the basis of the recommendation of Chief Bankruptcy Judge Steven A. Felsenthal, this court withdrew the reference to the bankruptcy court of the severed third-party claims. Order, filed September 12, 2003.

---

[1] This bench ruling was later incorporated in a written order on September 19, 2003. Amended Order Granting Motion For Severance, filed in adversary proceeding no. 03-3263 on September 19, 2003 ("Order Granting Severance").

- 3 -

Upon severance from the SLP adversary proceeding on August 28, 2003, this case had four plaintiffs (Admiral, Associated, Caliber One, and United National), each asserting claims against all four defendants (Heath, Clair Odell, Mellon, and Northland). *See* Order Granting Severance at 2. From June 8, 2004, until the present, many of these claims have been dismissed.[2] Following these dismissals, the only claims remaining in this case are Admiral's claims against Clair Odell and Mellon, and Associated's claims against Heath, Northland, Clair Odell, and Mellon.

## II. ANALYSIS

On July 29, 2005, Clair Odell and Mellon filed their motion, pursuant to Federal Rule of Civil Procedure 12(h)(3), to dismiss the plaintiff's claims against them. Clair Odell's and Mellon's Motion. On August 8, 2005, Heath filed its

---

[2] On June 8, 2004, United National's complaint against Heath was dismissed with prejudice. Order, filed June 8, 2004. On July 14, 2004, this court granted the agreed motion to dismiss Caliber One's claims against Heath. Order, filed July 14, 2004. On March 24, 2005, this court granted the joint motion to dismiss all of Caliber One's claims against Northland. Order, filed March 24, 2005. On June 28, 2005, this court granted the joint motion to dismiss all of United National's claims against Northland. Order, filed June 28, 2005. On October 11, 2005, all United National's claims against Clair Odell and Mellon were dismissed upon joint stipulation of the parties. Order, filed October 11, 2005. On November 22, 2005, this court granted the joint motion to dismiss all of Admiral's claims against Northland. Order, filed November 22, 2005. On November 29, 2005, this court granted the joint motion to dimiss all of Admiral's claims against Heath. Order, filed November 29, 2005. On December 7, 2005, this court ordered the dismissal, on joint stipulation of the parties, of all of Caliber One's claims against Clair Odell and Mellon. Order, filed December 7, 2005.

motion, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the

plaintiff's claims against it.  Heath's Motion.

### A.  Subject Matter Jurisdiction -- The Legal Standard

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life*

*Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection*

*Company v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise

jurisdiction over cases only as expressly provided by the Constitution and laws of the

United States.  *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377.

Federal law gives the federal district courts original jurisdiction over "all civil actions

arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.

§ 1331.  A party seeking relief in a federal district court bears the burden of

establishing the subject matter jurisdiction of that court.  *United States v. Hays*, 515

U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*,

298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073

(5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal

of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

must be considered by the court before any other challenge because "the court must

find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of*

*Saudia Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also

*Ruhrgras AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement

that jurisdiction be established as a threshold matter . . . is inflexible and without

exception") (citation and internal quotation marks omitted).

On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear

the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board

of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d

404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861

(1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:

"1) the complaint alone; 2) the complaint supplemented by undisputed facts; or

3) the complaint supplemented by undisputed facts and the court's resolution of

disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176

(5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

The court's lack of subject matter jurisdiction may be asserted at any time,

either in the answer, or in the form of a suggestion to the court prior to final

judgment.  5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1350 (3d. ed. 2004).  A Rule 12(b)(1) motion must be made prior to

service of the responsive pleading.  *Id.*  An untimely Rule 12(b)(1) motion will be

treated as a "suggestion" that the court lacks jurisdiction.  *Id.*  Federal Rule of Civil

Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3).

The court will consider Clair Odell's and Mellon's Rule 12(h)(3) motion and Heath's Rule 12(b)(1) motion together. The issue presented by both motions, no matter how the motions are denominated, is whether this court has subject matter jurisdiction over this case.

## B.  Alleged Grounds for Subject Matter Jurisdiction

The plaintiffs have alleged various bases for subject matter jurisdiction. Collectively, they assert (1) diversity jurisdiction under 28 U.S.C. § 1332, (2) "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b), and (3) supplemental jurisdiction under 28 U.S.C. § 1367.

When determining whether subject matter exists, the court generally looks to the time at which the action was commenced. See *Carney v. Resolution Trust Corporation*, 19 F.3d 950, 954 (5th Cir. 1994) ("Subject matter jurisdiction is determined at the time the complaint is filed."). However, a severed action must have an independent jurisdictional basis. *Honeywell International, Incorporated v. Phillips Petroleum Co.*, 415 F.3d 429, 431-32 (5th Cir. 2005) (citing *United States v. O'Neil*, 709 F.2d 361, 375 (5th Cir. 1983) (holding that severed counterclaims "became independent actions requiring an independent jurisdictional basis")). Thus,

to determine whether subject matter jurisdiction exists over this case, the court must look at the time the claims asserted here were severed from the bankruptcy adversary proceeding. See *Honeywell*, 415 F.3d at 432 ("we look to the point at which that action was severed from Lone Star's action against Honeywell to determine whether the district court had subject matter jurisdiction over Honeywell's claims against Phillips."). This case was severed from the underlying SLP bankruptcy litigation, by bench ruling, on August 28, 2003. Report to District Court ¶ 7; Order Granting Severance.

Caliber One asserts that jurisdiction was not affected by severance of this case because it was severed for purposes of trial, which is not a "true severance." Caliber One Indemnity Company's Response and Brief to Clair Odell's and Mellon's Motion to Dismiss ¶ 39. Accordingly, Caliber One argues, the time for examining subject matter jurisdiction should be the time at which the adversary proceeding between SLP and the insurance companies was commenced. *Id.* However, when the bankruptcy court ordered this case severed, it was ruling on motions by Northland, Clair Odell, and Mellon, brought pursuant to Federal Rule of Civil Procedure 21, to sever this case from the underlying adversary proceeding. Northland's Motion for Severance, filed in adversary proceeding no. 03-3263 on July 24, 2003, ¶¶ 1, 2; Clair Odell's and Mellon's Motion to Join in Northland's Motion for Severance, filed in adversary proceeding no. 03-3263 on August 21, 2003, ¶¶ 3, 4. Rule 21 provides

- 8 -

that "any claim against any party may be severed and proceeded with separately."
FED. R. CIV. P. 21.  These motions did not rely on Federal Rule of Civil Procedure
42(b), which provides for separate trials.  See *McDaniel v. Anheuser-Busch, Incorporated*,
987 F.2d 298, 304 and n.19 (5th Cir. 1993) (distinguishing separate trials under
Rule 42(b) from severance under Rule 21 because separate trials will usually result in
one judgment, while severed claims become entirely independent actions to be tried,
and judgment entered, independently).  Because these motions were filed pursuant to
Federal Rule of Civil Procedure 21, and they were granted, this case was severed from
the adversary proceeding.  Accordingly, this court must determine whether subject
matter jurisdiction existed over the plaintiffs' claims against the defendants on
August 28, 2003, the date of severance.

### 1. *Diversity Jurisdiction Under 28 U.S.C. § 1332*

Plaintiffs assert, either in their complaints or their responses to these motions
to dismiss, that this court has jurisdiction over the claims based on diversity of
citizenship pursuant to 28 U.S.C. § 1332.  Federal district courts have subject matter
jurisdiction over actions between citizens of different states where the amount in
controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).  Diversity among the
parties must be complete.  *Id.*; *Owen Equipment & Erection Co.*, 437 U.S. at 373-74.
Complete diversity exists when the citizenship of each plaintiff in a case is diverse
from the citizenship of each defendant.  *Id.*  A corporation has two states of

citizenship for purposes of diversity: the state in which it is incorporated, and the state in which it has its principal place of business. *See* 28 U.S.C. 1332(c)(1); see also *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). The citizenship of a partnership for diversity purposes is determined by the citizenship of each member of the partnership. See *Carden v. Arkoma Associates*, 494 U.S. 185, 195-196 (1990).

As mentioned above, this case -- upon severance from the SLP adversary proceeding on August 28, 2003 -- had four plaintiffs, each asserting claims against all four defendants. Order Granting Severance at 2. For this court to have diversity jurisdiction, therefore, none of the four plaintiffs could be citizens of the same state as any of the four defendants. See *Owen*, 437 U.S. at 374. Under this test, diversity jurisdiction is lacking for at least two reasons.

First, two of the plaintiffs, United National and Caliber One, are citizens of Pennsylvania. *See* United National's First Amended Answer to SLP Complaint, First Amended Original Counter-Claim and Original Third-Party Action, filed in adversary proceeding no. 03-3263, on May 23, 2003 ¶ 5 (admitting allegation in SLP Complaint, at ¶ 5, that "[United National] is a Pennsylvania entity . . ."); Caliber One's Amended Answer to SLP Complaint, First Amended Counterclaim, Original Cross-Claim and Original Third Party Action, filed in adversary proceeding no. 03-3263 on May 23, 2003 ¶ 3 (admitting allegation in SLP Complaint, at ¶ 3, that

- 10 -

"Caliber One . . . maintains its principal place of business in Yardley, Pennsylvania."). Two of the defendants, Clair Odell and Mellon, are Pennsylvania companies. *See* Admiral's First Amended Complaint, filed May 5, 2005, ¶¶ 2, 3; United National's First Amended Complaint, filed May 23, 2005, ¶¶ 2, 3; Application for Certificate of Authority and Pennsylvania Certificate of Good Standing *attached to* Appendix in Support of Clair Odell's and Mellon's Motion at 24-32.   Therefore, for diversity purposes, Clair Odell and Mellon are also citizens of Pennsylvania.   See *Getty Oil*, 841 F.2d at 1258.   Because two plaintiffs, United National and Caliber One, and two defendants, Clair Odell and Mellon, are all citizens of Pennsylvania for purposes of diversity jurisdiction, complete diversity does not exist.   See *Owen*, 437 U.S. at 374.

Second, two plaintiffs, Admiral and Caliber One, are both Delaware corporations.   Admiral's First Amended Complaint, filed May 5, 2005, ¶ 1; Caliber One's Amended Complaint, filed November 4, 2003, ¶ 1.   Therefore, Admiral and Caliber One are citizens of Delaware for diversity purposes.   See *Getty Oil*, 841 F.2d 1258.   One of the defendants, Heath Insurance Brokers of Texas, L.P. ("Heath LP"), has a general partner, HIB GP, Inc.,[3] which is incorporated under the laws of Delaware. *See* Certificate of Limited Partnership of Heath Insurance Brokers of Texas, LP,  Application for Certificate of Authority, and Application for Amended

---

[3]     The legal name of HIB GP, Inc. has changed to CIB GP, Inc., but the entity and its citizenship have been otherwise unaffected. *See* Application for Amended Certificate of Authority *attached to* Appendix in Support of Heath's Motion at 6-7.

Certificate of Authority *attached to* Appendix in Support of Heath's Motion at 1-5;

Application for Certificate of Authority *attached to* Appendix in Support of Clair

Odell's and Mellon's Motion at 20-23.  Accordingly, Heath LP is a citizen of

Delaware for diversity purposes.  See *Carden*, 494 U.S. at 195-96.  Because two

plaintiffs, Admiral and Caliber One, and one defendant, Heath LP, are citizens of

Delaware, complete diversity does not exist.  See *Owen*, 437 U.S. at 374.

Consequently, diversity of citizenship cannot be a basis for subject matter

jurisdiction.

> 2.  *"Related To" Bankruptcy Jurisdiction Under 28 U.S.C. § 1334*

The plaintiffs assert, either in their complaint or response to these motions to

dismiss, that this court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1334(b), which provides:

> (b)    . . . the district courts shall have original but not
> exclusive jurisdiction of all civil proceedings arising
> under title 11, or arising in or related to cases under
> title 11.

28 U.S.C. § 1334(b).  The plaintiffs argue that this case is "related to" the SLP

bankruptcy case.

Upon motion to withdraw the bankruptcy reference of this case, Bankruptcy

Judge Felsenthal issued a report to the district court.  *See* Report to District Court.

The report addressed whether the court had jurisdiction over this case.  *Id.*  The

insurance companies contended that their claims against Heath arose out of the same

- 12 -

transaction and occurrences, and were inextricably intertwined with their insurance

coverage dispute in the SLP adversary proceeding, justifying one trial. *Id.* ¶ 9. Citing

*In Re Walker*, 51 F.3d 562 (5th Cir 1995), the bankruptcy court concluded that it did

not have supplemental jurisdiction over this case under 28 U.S.C. § 1367. *Id.*

Accordingly, the bankruptcy court could only exercise jurisdiction over this case if it

had "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334. *Id.* Therefore, the

report examined whether"related to" bankruptcy jurisdiction under 28 U.S.C. § 1334

existed over the claims in this case.

When considering this issue, Judge Felsenthal summarized "related to"

bankruptcy jurisdiction as follows:

> The key jurisdictional test for the bankruptcy court is
> whether the third party complaint against Heath is "related
> to" the [SLP] bankruptcy case. *Walker*, 51 F.3d at 568-69.
> The matter is related for Section 1334 purposes when "the
> outcome of that proceeding could *conceivably* have any
> effect on the estate being administered in bankruptcy." *Id.*
> at 569 (emphasis original). "An action is related to
> bankruptcy if the outcome could alter the debtor's rights,
> liabilities, options, or freedom of action (positively or
> negatively) and which in any way impacts upon the
> handling and administration of the bankruptcy estate." *Id.*
> Bankruptcy courts have no jurisdiction over proceedings
> that have no effect on the debtor. Usually, "related to"
> jurisdiction is lacking in connection with third party
> complaints. *Id.*

Report to District Court ¶ 10.  Judge Felsenthal analyzed whether there was "related

to" bankruptcy jurisdiction under 28 U.S.C. § 1334, and found that there was not.

*Id.* ¶¶ 11, 12.  Judge Felsenthal reasoned that:

> [SLP]'s confirmed plan of reorganization provides for the
> treatment of allowed personal injury claims.  If [SLP]
> prevails against the insurance company defendants, the
> defendants will pay [SLP] based on coverage under the
> insurance policies and [SLP] will use the proceeds to
> service the personal injury claims.  If the insurance
> company defendants prevail, there will be no insurance
> coverage for the claims.
>
> On the other hand, if [SLP] prevails against the insurance
> company defendants, the defendants' third party claims
> against Heath will have no conceivable effect on the
> bankruptcy estate.  The insurance company defendants will
> have paid the bankruptcy estate on the policies.  Recovery
> by the insurance company defendants from third parties
> will have no effect on the payments to the bankruptcy
> estate.  The insurance company defendants contend,
> however, that there is a scenario where they could have an
> allowed claim against the estate, which would be reduced
> by a recovery from Heath.  Presumably, they contend that
> they would rescind the policies and yet obtain an allowed
> claim.  But if they rescind the policies, they have no
> complaint against Heath.

*Id.*  The court adopted Judge Felsenthal's report on September 12, 2003.  Order, filed

September 12, 2003.  Thus, this court has already concluded that "related to"

bankruptcy jurisdiction is not present in this case.

The plaintiffs argue that the assignment of Caliber One's claims against Heath

to SLP, on October 22, 2003, supports "related to" bankruptcy jurisdiction.  *See*

- 14 -

Caliber One's Response and Brief to Clair Odell's and Mellon's Motion to Dismiss ¶ 32; Order Approving Settlement, filed in bankruptcy case no. 02-34243 on October 23, 2003.  They also argue that Heath's filing of proofs of claim in the bankruptcy court, on November 13, 2003, supports "related to" bankruptcy jurisdiction.  Associated's Response to Motions to Dismiss Filed By Clair Odell and Heath ("Associated's Response") ¶¶ 16-18; Proofs of Claims *attached to* Appendix in Support of Associated's Response at tabs B, C.

The Fifth Circuit Court of Appeals has held that the existence of federal jurisdiction depends on the facts as they exist when the complaint is filed.  See *Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1237 n.25 (5th Cir. 1981) (requiring federal jurisdiction to be determined under the facts as of the date the complaint is filed because certainty is served by not allowing an event occurring during the pendency of the suit to create jurisdiction).  As mentioned above, where a case is severed, jurisdiction over the severed claims is to be tested at the time of severance.  See *Honeywell*, 415 F.3d at 431-32.  The severance here occurred on August 28, 2003.  This court has already concluded that, on the date this case was severed, it did not have "related to" bankruptcy jurisdiction.  The subsequent events relied on by the plaintiffs did not create jurisdiction over this case.  Therefore, this court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

3. *Supplemental Jurisdiction Under 28 U.S.C. § 1367*

The only remaining basis for subject matter jurisdiction that the plaintiffs

assert is supplemental jurisdiction under 28 U.S.C. § 1367.  28 U.S.C. § 1367

provides, in pertinent part:

> (a) . . . in any civil action of which the district courts have
> original jurisdiction, the district courts shall have
> supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original
> jurisdiction that they form part of the same case or
> controversy under Article III of the United States
> Constitution.

28 U.S.C. § 1367.  For a court to exercise supplemental jurisdiction over a claim, the

court must first have original jurisdiction over at least one other claim in the same

action.  *Id.*  As discussed in previous sections, the court does not have subject matter

jurisdiction over another claim under either diversity of citizenship or "related to"

bankruptcy jurisdiction.  Therefore, the court cannot exercise supplemental

jurisdiction over this case.

United National, in its response to these motions, argues that:

> Defendants . . . ask this Court to determine jurisdiction by
> focusing solely on the Third Party Claims.  To do so would
> require the District Court to disregard its own *original* and
> *continual* jurisdiction over the [SLP] Complaint and
> Counterclaim, and in essence, hold that the Bankruptcy
> Court has exclusive jurisdiction over all such proceedings
> referred to it by the District Court.

- 16 -

United National's Response to Clair Odell's and Mellon's Motion to Dismiss and Brief in Support Thereof at 4 (emphasis in original). This argument fails because, as mentioned above, when this case was severed from the SLP adversary proceeding, the severed claims had to have an independent jurisdictional basis at the time of severance. See *Honeywell*, 415 F.3d at 431,32. This independent jurisdictional basis was required whether the severance was effected by the bankruptcy court or the district court.

### III. CONCLUSION

For the reasons discussed above, the motions to dismiss are **GRANTED**, and the plaintiffs' remaining claims against the defendants are **DISMISSED** without prejudice to refiling in a court with jurisdiction over the parties and subject matter.

It is therefore **ORDERED** that Heath's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

It is further **ORDERED** that the Clair Odell Insurance Agency, LLC and Mellon Insurance Agency, Incorporated's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

It is further **ORDERED** that all of the plaintiffs' remaining claims against the defendants in this case are **DISMISSED** without prejudice to refiling in a court with jurisdiction over the parties and subject matter.

- 17 -

It is further **ORDERED** that costs are taxed against Admiral and Associated.

December 21, 2005.

A. JOE FISH
CHIEF JUDGE